UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE M. WU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:14cv1603 (DJS) |
| | : | |
| NATIONAL GEOSPATIAL | : | |
| INTELLIGENCE AGENCY, | : | |
|     Defendant. | : | |

MEMORANDUM OF DECISION

The plaintiff, Christine M. Wu ("Wu"), filed this action against the defendant, National Geospatial Intelligence Agency ("NGA"), in connection with a Freedom of Information Act ("FOIA") request Wu had made of NGA. In her Complaint, Wu claims that NGA violated her rights to information, "including intelligence surveillance," under FOIA. (Doc. # 1, at 2). Both parties have filed a motion for summary judgment. For the reasons stated below, Wu's motion for summary judgment is denied and NGA's motion for summary judgment is granted.

A. FACTS

Before reciting the facts which the Court finds to be undisputed, the Court wishes to address an issue concerning Wu's filings relating to the motions for summary judgment. The Rules of the United States District Court for the District of Connecticut contain specific requirements pertaining to papers filed in support of or in opposition to a motion for summary judgment. A motion for summary judgment must include a "'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." L. Civ. R. 56(a)1.  Papers opposing a motion for summary

judgment must include a "'Local Rule 56(a)2 Statement,' which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied." L. Civ. R. 56(a)2.

Each statement of material fact in a Local Rule 56(a)1 Statement, and each denial of a fact in a Local Rule 56(a)2 Statement, "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. . . . The 'specific citation' obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits . . . and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." L. Civ. R. 56(a)3. Failure to provide this specific citation "may result in the Court deeming certain facts that are supported by the evidence admitted . . . ." *Id.*

NGA's filings in support of its motion for summary judgment included a Notice to Pro Se Party Opposing Motion for Summary Judgment ("Notice")(Doc. # 38-3). This Notice, which is required to be provided to a party proceeding pro se, i.e., representing oneself without the assistance of an attorney, specifically informed Wu that she was required to file the papers required by Rule 56 or run the risk of having the defendant's motion granted and having her claims dismissed without further notice if the defendant's motion shows that it is entitled to judgment as a matter of law. Attached to the Notice were copies of both the federal and local rules pertaining to motions for summary judgment.

Wu's motion for summary judgment did not include a Local Rule 56(a)1 Statement and her opposition to NGA's motion did not include a Local Rule 56(a)2 Statement. After Wu filed

her opposition to its motion, NGA filed a reply in which it pointed out that Wu had failed to file a Local Rule 56(a)2 Statement and that Local Rule 56, a copy of which had been sent to Wu, provides in part that "failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted . . . ." L. Civ. R. 56(a)3. Wu thereafter filed a response to NGA's reply. Wu's response includes a section with the following heading: "Plaintiff did in fact respond to defendant's Local Rule 56(a)1 Statement with plaintiff's response. Defendant quoted Local Rule 56(a)2 which was to oppose a motion for summary judgment. It does not apply in the argument, because defendant 'filed' a summary judgment." (Doc. # 41, at 1). Wu's response did not include a Local Rule 56(a)2 Statement.

The Court is well aware that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (internal quotation marks omitted). However, "*pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure." *Collins v. Experian Credit Reporting Service*, No. 3:04CV1905 (MRK), 2006 U.S. Dist. LEXIS 72020, at *3 (D. Conn. Oct. 3, 2006); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). In this case Wu was advised on two separate occasions of the need to comply with Local Rule 56 and specifically of the need to file a Local Rule 56(a)2 Statement in conformance with the requirements of that rule. She failed to file either a Local Rule 56(a)1 Statement in support of her motion or a Local Rule 56(a)2 Statement in opposition to NGA's motion. Accordingly, to the extent that NGA's factual

assertions are properly supported by the evidence the Court will deem those assertions admitted. *See* L. Civ. R. 56(a)3 ("failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1").

NGA, which is an agency within the Department of Defense, provides geospatial-intelligence, i.e., exploitation and analysis of imagery and geospatial information to describe, assess and visually depict physical objects on the Earth. NGA has limited authority to collect domestic imagery and does not collect or process any domestic imagery unless it receives an approved request for collection from an arm of the U.S. government. On March 11, 2014, Wu submitted the following FOIA request to NGA via email:

> Wanted to know if images were produced for, near, or around the location: 39 Glenbrook Rd., Stamford, CT, via any of your systems. This would be through an authorized account from the US Army, accessing your systems that could produce images at close range (via satellite), and/or heat images of around/inside dwellings.
> Want to know when that was done, frequency, from Dec. 2012 to date. Please check all your image producing systems.

(Doc. # 38-4, at 6). In an email response dated March 12, 2014, NGA acknowledged receipt of Wu's FOIA request and informed her that "NGA has a significant number of pending FOIA requests that prevents a response determination from being made within 20 workdays." (*Id.* at 13).

In a follow-up email sent on August 1, 2014, Wu inquired about the status of her request. NGA sent the following response on that same day:

> NGA provides timely, relevant, and accurate geospatial intelligence

>in support of national security. We are not obligated to create records,
>only search for government records within this agency.
>Based on your request and inquiry of activity at your home address,
>neither this agency or any other agency would be authorized to do
>so. We have closed your case number based on this email to
>your attention.

(*Id.* at 5). On September 9, 2014, Wu asked for a contact address and information concerning "an appeal for your agency's unwillingness to comply with Federally mandated FOIA request." (*Id.* at 4). The record does not reflect any response to this request. On October 29, 2014, Wu filed the Complaint in this action. NGA was served with the Complaint on September 14, 2015.[1]

On November 17, 2014, the NGA FOIA Office contacted the NGA Analysis Directorate ("Directorate") and requested that the Directorate "search for any documentation that NGA had collected images at or near the vicinity of 39 Glenbrook Road, Stamford Connecticut between December 2012 and March 11, 2014." (Doc. # 38-5, at 5, ¶ 9). With the exception of a few restricted databases, the Directorate has access to all of NGA's imagery libraries. The Directorate's FOIA Officer[2] searched the NGA imagery libraries to which he had access and "which in most likelihood would have contained the information requested by Ms. Wu, [but] found no imagery or records." (*Id.*). In his detailed affidavit, the FOIA Officer identified the various NGA libraries included in his search, as well as the techniques utilized in the search. The

---

[1]A delay in service on the defendant NGA resulted from the Court not sending the proper paperwork for service to the plaintiff.

[2]NGA redacted the name of the Directorate Officer whose affidavit was filed in support of the motion for summary judgment pursuant to 10 U.S.C. § 424. That statute provides in part that, "Except as required by the President . . . no provision of law shall be construed to require the disclosure of . . . the name . . . of any . . . person [within the National Geospatial-Intelligence Agency]."

affidavit includes the Officer's conclusion that "[b]ased upon my search of NGA imagery libraries, I determined there are no images at or near the vicinity of 39 Glenbrook Road, Stamford, Connecticut." (*Id.* at 6, ¶ 11).

NGA's Source Directorate is responsible for fulfilling approved requests for domestic imagery. In response to a request from the NGA Office of General Counsel, NGA Source Directorate analysts searched NGA libraries for any images produced at or near the vicinity of 39 Glenbrook Road, Stamford, Connecticut between December 2012 and March 2014. An affidavit from the Director of the Source Directorate identifies the libraries searched and indicates that those were the libraries that the analysts "determined were likely to contain the records requested in this FOIA request, if such records existed." (Doc. # 38-6, at 5, ¶ 8). The affidavit also describes in detail the search process utilized by the analysts. In the end, "[n]o images were found by virtue of searching the NGA libraries for images produced by NTM [National Technical Means]." (*Id.*).

In addition to imagery collected on national platforms, NGA also maintains licenses with commercial imagery providers. While NGA is allowed to access the commercial imagery pursuant to these licensing agreements, NGA does not own this imagery and is prohibited by the terms of the licensing agreements from releasing this imagery to anyone outside the United States government unless such release would support a United States government purpose. A search of commercial platforms by Source Directorate analysts revealed eight commercial imagery records that had been requested by the United States Coast Guard and included the coordinates for the address of 39 Glenbrook Road, Stamford, Connecticut. In his affidavit, the Director of the Source Directorate stated that although NGA had the ability to access these images under the terms of

the licensing agreement, to the best of his knowledge NGA had not done so.

## B.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one whose resolution will affect the ultimate determination of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The Court "accept[s] as true facts that [are] undisputed by the parties, and resolve[s] disputed facts in favor of the non-moving plaintiff where there [is] evidence to support [its] allegations." *Sousa v. Roque*, 578 F.3d 164, 166 n.1 (2d Cir. 2009). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Summary judgment is appropriate if, after discovery, the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir. 1981) (internal quotation marks omitted).

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Department of Justice*, 19 F.3d 807, 812, (2d Cir. 1994). The agency can satisfy its burden by means of "reasonably detailed affidavit[s],

setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks omitted). Such affidavits "are accorded a presumption of good faith." *Long v. OPM*, 692 F.3d 185, 191 (2d Cir. 2012). In order to rebut this presumption, a plaintiff cannot rely on speculative claims, but "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (internal quotation marks omitted).

## C. DISCUSSION

NGA's motion is based on its contention that it "conducted a thorough and reasonable search for records responsive to Wu's FOIA request and properly informed Wu that no responsive records exist." (Doc. # 38-1, at 6). Wu's motion does not articulate a legal basis upon which she claims that she is entitled to judgment as a matter of law. Rather, her motion "stat[es] recommendations for the corrections" of what she describes as a "pervasive FOIA failure by the government agencies to address requests." (Doc. # 37, at 2, 1). "I only ask that [NGA] fulfill their obligations [to] the law and country by fulfilling FOIA requests without fail, and be corrected if they don't." (*Id.* at 2).

As previously indicated, it is NGA's burden to show that it conducted an adequate search for the requested documents, and NGA can meet that burden by means of reasonably detailed affidavits. The Court has reviewed the affidavits of the NGA Analysis Directorate's FOIA Officer and the Director of the Source Directorate and finds that these documents constitute "reasonably detailed affidavit[s], setting forth the search terms and the type of search performed,

and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena*, 180 F.3d at 326 (internal quotation marks omitted). The affidavit from the Analysis Directorate's FOIA Officer identifies the five NGA "enterprise image libraries" that were searched, which, according to the affidavit, would most likely "have contained the information requested by Ms. Wu . . . ." (Doc. # 38-5, at 4-5, ¶¶ 8, 9). The FOIA Officer also explains in detail the search terms and methods utilized in the search and attests that "[b]ased upon my search of NGA imagery libraries, I determined there are no images at or near the vicinity of 39 Glenbrook Road, Stamford, Connecticut." (*Id.* at 5-6).

The affidavit from the Director of the Source Directorate likewise explains in detail the methods and procedures utilized by analysts within the Source Directorate in the search for any images responsive to Wu's FOIA request. "The libraries searched were those which Source Throughput analysts determined were likely to contain the records requested in this FOIA request, if such records existed. No images were found by virtue of searching the NGA libraries for images produced by NTM [National Technical Means]." (Doc. #38-6, at 5, ¶ 8). That affidavit goes on to explain that NGA also has licenses with commercial imagery providers, and that, pursuant to the terms of the license agreements with these providers, NGA is allowed to access the commercial imagery but cannot provide these images to a third party in response to a FOIA request. The search undertaken by Source Directorate analysts extended to commercial imagery and revealed the existence of eight commercial images "that contain the derived coordinates for 39 Glenbrook Road, Stamford Connecticut." (*Id.* at 6, ¶ 10). Those commercial images had been requested by the U.S. Coast Guard for specific purposes related to that agency. The Director of the Source Directorate attests that these eight commercial images "are not our

records; nor, to the best of my knowledge, did NGA access these records." (*Id.*).

The Court concludes that NGA satisfied its burden of showing that it conducted an adequate search for the records requested by Wu. The agency's affidavits are entitled to a presumption of good faith and Wu has not made "a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." *Grand Central Partnership, Inc.*, 166 F.3d at 489 (internal quotation marks omitted). In her opposition to NGA's motion, Wu posits the theory that while "[i]t was highly likely that the government did not directly or openly authorize [instances where image-yielding equipment had zoomed in on her address], . . . rouge [sic] employees could have used the equipment[] they have access to for unlawful or questionable purposes." (Doc. #39, at 6, ¶ 9). The presumption of good faith accorded to agency affidavits "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Robert v. Department of Justice*, 439 F. App'x 32, 33 (2d Cir. 2011) (summary order) (internal quotation marks omitted). Wu's theory about rogue employees within NGA does not rise above the level of a purely speculative claim. For that reason, she has failed to rebut the good faith presumption accorded the agency's affidavits.

Wu's specific FOIA request was for "images . . . produced for, near, or around the location: 39 Glenbrook Rd, Stamford, CT, via any of your systems. This would be through an authorized account[3] from the US Army, accessing your systems that could produce images at close range . . . ." (Doc. #38-4, at 6). NGA searches that the Court has found to be adequate did not reveal "images . . . produced for, near, or around the location: 39 Glenbrook Rd, Stamford,

---

[3]Wu's contention regarding the unauthorized use of imaging equipment by rogue employees, discussed above, is contrary to the express language of her request for images produced "through an authorized account from the US Army."

CT via any of [NGA's] systems." (*Id.*). NGA's search went beyond the specifics of Wu's request, i.e., images produced via NGA's systems through an authorized account from the US Army, and extended to commercial images that NGA is authorized to access under the terms of license agreements with commercial imagery providers. That extended search revealed the existence of eight commercial images that were not NGA images and, to the best of the Director's knowledge, had not been accessed by NGA. Under the terms of the license agreements, "NGA cannot provide the [commercial] images to a third party in response to a FOIA request." (Doc. #38-6, at 6).

Wu has repeatedly and consistently expressed her view that delays in response and failures to respond to her FOIA inquiries were intended to discourage her from pursuing her request. She characterizes this as "a central argument made by the Plaintiff in the complaint." (Doc. #39, at 3, ¶ 4). "Defendants' conduct in responding to [Wu's] FOIA request . . . cannot be described as a model of due diligence." *Government Accountability Project v. U.S. Department of Health and Human Services*, 568 F. Supp. 2d 55, 64 (D.D.C. 2008). It was not until after Wu had filed this action that the searches addressed in the agency's affidavits were undertaken. "Nevertheless, so long as [NGA] arrived at its belated determination after an adequate search, and did not act in bad faith, it is entitled to summary judgment under FOIA. Put simply, the only relief FOIA makes available to plaintiff is an order directing [NGA] to release responsive records that were improperly withheld; if none exist, plaintiff has no claim." *Flores v. Department of Justice*, No. 15-CV-2627 (JMA), 2016 U.S. Dist. LEXIS 138858, at *30-31 (E.D.N.Y. Oct. 4, 2016) (citation omitted). "While the Court sympathizes with plaintiff's frustration concerning defendant's delayed and piecemeal response to [her] FOIA Request, plaintiff has now received

an adequate response, and may not continue this litigation purely to vent [her] disappointment with the [process and] results." *Id.* at *47-48.

## CONCLUSION

For the reasons stated above, the plaintiff Wu's motion for summary judgment (**Doc. # 37**) is **DENIED** and the defendant NGA's motion for summary judgment (**Doc. #38**) is **GRANTED**.

The Clerk is directed to enter Judgment in favor of the defendant against the plaintiff and close this case.

SO ORDERED this   8th     day of March,  2017.

/s/ DJS
Dominic J. Squatrito
United States District Judge